UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

WILSHIRE INSURANCE COMPANY,

    Plaintiff,

vs.

ANA LEBLANC, as Personal Representative
for the Estate of MATHEUS PINHEIRO,
Deceased, and THE SHOOTING GALLERY
RANGE, INC.,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, WILSHIRE INSURANCE COMPANY (hereinafter, "WILSHIRE"), files this Complaint for Declaratory Relief against Defendants, ANA LEBLANC, as Personal Representative for the Estate of MATHEUS PINHEIRO, Deceased, and THE SHOOTING GALLERY RANGE, INC., and alleges as follows:

## INTRODUCTION

1. This is an action for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, regarding the rights of the parties under a contract of insurance.

2. Plaintiff, WILSHIRE, requests a declaration that WILSHIRE owes no duty under a policy of insurance to defend or indemnify the insured, THE SHOOTING GALLERY RANGE, INC., with respect to a lawsuit filed by ANA LEBLANC, as Personal Representative for the Estate of MATHEUS PINHEIRO.

## JURISDICTION AND VENUE

3. This Court has jurisdiction because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

4. At all material times, WILSHIRE is and has been a North Carolina corporation with its principal place of business in North Carolina. Accordingly, WILSHIRE is a citizen of the State of North Carolina.

5. At the time of his death, and at all material times, Decedent, Matheus Pinheiro, was a citizen of the State of Florida.

6. At all material times, Defendant, ANA LEBLANC, as Personal Representative for the Estate of MATHEUS PINHEIRO, is and has been a citizen of the State of Florida.

7. At all material times, Defendant, THE SHOOTING GALLERY RANGE, INC. ("SHOOTING GALLERY"), is and has been a corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida. Accordingly, SHOOTING GALLERY is and has been at all times material a citizen of the State of Florida

8. Venue is proper as one or more defendants resides in this district and/or because the subject incident occurred in this district and/or because the underlying wrongful death action is pending within this district in the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida.

## GENERAL ALLEGATIONS

9. In the action styled, *ANA LEBLANC, as Personal Representative for the Estate of MATHEUS PINHEIRO, Deceased, Plaintiff, vs. THE SHOOTING GALLERY RANGE, INC., Defendant,* case no. 2024-CA-000212-O, in the Circuit Court for the Ninth Judicial Circuit in

and for Orange County, Florida, (the "underlying action" or "underlying complaint"), it is alleged: that the decedent, Matheus Pinheiro, had a history of psychiatric and psychological conditions including depression, schizoid disorder, anxiety, borderline personality disorder and suicide ideation; that he rented a gun and purchased ammunition from SHOOTING GALLERY; and that, after shooting several rounds, while standing at the shooting range, committed suicide with the rented gun with a single shot to his head. The underlying complaint is attached hereto as Exhibit A.

10. The foregoing allegations are incorporated into four (4) counts of negligence. (See Exh.A).

11. Count I of the underlying complaint, which is labeled, "negligence," alleges that SHOOTING GALLERY negligently failed to adequately and reasonably screen for risk of suicide prior to selling the decedent ammunition and renting him a gun. (See Exh.A).

12. Count II of the underlying complaint, labeled, "negligent entrustment," alleges that SHOOTING GALLERY knew or through the exercise of reasonable care should have known that Pinheiro was at high risk of self-harm and should have denied him rental of a gun and purchase of ammunition. (See Exh.A).

13. Count III of the underlying complaint, labeled, "negligent supervision," alleges that SHOOTING GALLERY's range officer failed to reasonably supervise and intervene to stop the decedent from shooting himself in the head and committing suicide. (See Exh.A).

14. Count IV of the underlying complaint, "negligent mode of operation," alleges that SHOOTING GALLERY knew or should have known that the series of online questions that must be answered and electronically signed by a potential customer does not encourage truthful answers that would disqualify the customer from participation. (See Exh.A).

15. Each count alleges that, as a proximate result of the alleged negligence, the decedent shot himself in the head and committed suicide. (See Exh.A).

16. On the date of the subject incident, there was in force and effect a policy of insurance, policy number LON-GL-0000124-01, issued by WILSHIRE to SHOOTING GALLERY as the named insured.  A true and correct copy of said insurance policy is attached hereto as Exhibit B.  It is referenced herein as "the Policy."

17. The Policy provides in relevant part as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

. . . .

**SECTION I - COVERAGES**
**COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

. . . .

2. **Exclusions**
   This insurance does not apply to: . . . .

. . . .

**SECTION V – DEFINITIONS**

. . . .

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . . .

4

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
    a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
    b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

. . . .

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**OUTDOOR COMMERCIAL DEFINITIONS AND EXCLUSIONS AMENDMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

. . . .

B. The following exclusions are added to **paragraph 2. Exclusions under SECTION I - COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**:

. . . .

2. Self-inflicted "bodily injury", whether intentional or not.

. . . .

C. The following definitions are added to SECTION V - DEFINITIONS:

. . . .

10. "Range safety officer" means an individual(s) with responsibility for the adherence to safety regulations on a live firearm range.

. . . .

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY. PROFESSIONAL LIABILITY EXCLUSION - INSTRUCTION**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2. Exclusions under **SECTION I - COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY and COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY:**

1.  This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you, on your behalf or at the insured location by any person.

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by any insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you, on your behalf or at the insured location by any person with respect to the operations described above.

2.  Professional services include but are not limited to "outdoor instruction" and the duties of a "range safety officer".

(Exh. B).

## COUNT I – REQUEST FOR DECLARATORY JUDGMENT – SELF-INFLICTED INJURY EXCLUSION

18. Plaintiff incorporates and re-alleges paragraphs 1 through 17 as if set forth herein.

19. The Policy does not cover self-inflicted bodily injury, whether intentional or not.

20. The underlying complaint alleges self-inflicted bodily injury by the decedent, Matheus Pinheiro.

21. Every count of the underlying complaint arises from self-inflicted bodily injury.

22. The exclusion for self-inflicted bodily injury precludes any duty to defend or indemnify with respect to the claims and allegations in the underlying action.

## COUNT II – REQUEST FOR DECLARATORY JUDGMENT – PROFESSIONAL LIABILITY EXCLUSION

23. Plaintiff incorporates and re-alleges paragraphs 1 through 17 as if set forth herein.

6

24. The allegations of the underlying complaint allege bodily injury arising out of the rendering or failure to render duties of a range safety officer.

25. The exclusion for professional liability precludes any duty to defend or indemnify with respect to the claims and allegations in the underlying action.

WHEREFORE, Plaintiff, WILSHIRE INSURANCE COMPANY, prays for judgment declaring:

a. That WILSHIRE INSURANCE COMPANY owes no duty to defend THE SHOOTING GALLERY RANGE, INC., in the underlying action;

b. That WILSHIRE INSURANCE COMPANY owes no duty to indemnify THE SHOOTING GALLERY RANGE, INC., for the death of MATHEUS PINHEIRO or for any liability, settlement or judgment arising from the underlying action.

Respectfully submitted this 28th day of February, 2024.

The Law Office of
Warren B. Kwavnick, PLLC
320 South Flamingo Rd., Suite 184
Pembroke Pines, FL 33027
Tel. 954-439-2694
Warren@KwavnickAppeals.com

*/s/ Warren Kwavnick*

_____
BY:   WARREN B. KWAVNICK, ESQ.
        Florida Bar No. 94684